UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CORDELL WADE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-cv-00471-ACA-JHE |
| BRANDON FALLS and LESLIE T. WILSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on April 9, 2019, recommending that, pursuant to 28 U.S.C. § 1915A(b)(1), the court dismiss this action without prejudice for failing to state a claim upon which relief can be granted. (Doc. 13). Although the magistrate judge advised the plaintiff of his right to file specific written objections within fourteen days, the court has not received any objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court **MODIFIES** the magistrate judge's report, but **ACCEPTS** the recommendation to dismiss Plaintiff Cordell Wade's complaint without prejudice.

First, the magistrate judge recommended dismissing Mr. Wade's due process claims as barred by the statute of limitations. (Doc. 13 at 4–5). But the statute of limitations is an affirmative defense and, as a result, a "dismissal on statute of

limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017). In this case, the court cannot tell from the face of the complaint when the statute of limitations began running because the complaint does not state when Mr. Wade became aware of the defendants' alleged wrongful acts. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Without an accrual date, the court cannot tell when the statute of limitations expired. Accordingly, the court will not dismiss Mr. Wade's due process claims as barred by the statute of limitations.

However, the court agrees with the magistrate judge that *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), bars Mr. Wade's due process claims. (*See* Doc. 13 at 5–6). Accordingly, the court **ACCEPTS** that recommendation and **WILL DISMISS** the due process claims as barred by the *Heck* doctrine.

Second, the magistrate judge recommended dismissing Mr. Wade's claim under *Brady v. Maryland*, 373 U.S. 83 (1963) on the basis that *Brady* claims must be raised in a 28 U.S.C. § 2254 petition for writ of habeas corpus, and Mr. Wade's complaint does not establish that he exhausted his state court remedies, which is a prerequisite to habeas relief under § 2254. (Doc. 13 at 7). The court agrees that it must dismiss Mr. Wade's *Brady* claim, but modifies the report and recommendation to clarify the basis for that dismissal.

The Supreme Court has held that district courts "may not recharacterize a *pro se* litigant's motion as a request for relief under [28 U.S.C.] § 2255—unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro v. United States*, 540 U.S. 375, 382 (2003). The Eleventh Circuit has held that this rule also applies to filings recharacterized as § 2254 petitions. *Ponton v. Sec'y, Fla. Dep't of Corr.*, 891 F.3d 950, 953 n.3 (11th Cir. 2018). In this case, the magistrate judge did not comply with the *Castro* requirements for recharacterizing a filing as a § 2254 petition, so the court cannot dismiss Mr. Wade's *Brady* claim based on the requirements set out in § 2254.

But the court concludes that it must dismiss Mr. Wade's *Brady* claim because the *Heck* doctrine bars him from raising that claim under § 1983. As the Supreme Court has explained:

> A *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction: *Brady* evidence is, by definition, always favorable to the defendant and material to his guilt or punishment. . . . Accordingly, *Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983.

*Skinner v. Switzer*, 562 U.S. 521, 536 (2011). Because Mr. Wade cannot assert a *Brady* claim without necessarily undermining his conviction, such a claim is not

cognizable under § 1983. *See Heck*, 512 U.S. at 483. Accordingly, the court **WILL DISMISS** Mr. Wade's *Brady* claim.

The court **ACCEPTS** the magistrate judge's report and **ADOPTS** his recommendations in all other respects. In accordance with 28 U.S.C. § 1915A(b)(1), the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this May 7, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE